**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0745-17T2

JENNIFER ANDERSON,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, TEACHERS'
PENSION AND ANNUITY FUND,

    Respondent-Respondent.

_____

Submitted November 28, 2018 – Decided January 3, 2019

Before Judges Currier and Mayer.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of Treasury.

Chamlin, Rosen, Uliano & Witherington, attorneys for appellant (James J. Uliano, of counsel; Andrew T. Walsh, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christina Cella, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Jennifer Anderson appeals from a final determination of the Board of Trustees (Board), of the Teachers' Pension and Annuity Fund (TPAF), finding she was not eligible for accidental disability retirement benefits. We affirm.

The facts are essentially undisputed. Anderson was employed by the Keansburg Board of Education as a special education teacher. After arriving at school and parking in the school's parking lot, Anderson was struck while in the crosswalk of the driveway separating the parking lot and school's sidewalk by a motor vehicle driven by a parent, who had just dropped her children off at school. Anderson's injuries left her unable to perform her duties as a teacher.

Anderson filed an application for accidental disability retirement benefits. Her application was granted for ordinary disability retirement benefits, but not for accidental benefits. Anderson then appealed to the Office of Administrative Law. Both parties moved for summary decision.

The Administrative Law Judge (ALJ) concluded that at the time the traumatic event occurred, Anderson had not completed her commute or entered the school premises, reasoning "[s]he had not yet signed in or reported for duty." Therefore, the ALJ found "the injury did not occur during and as a result of her regular or assigned duties," precluding Anderson from accidental disability

A-0745-17T2

retirement benefits. After the parties filed exceptions and replies, the Board affirmed the ALJ's decision denying the accidental benefit.

The standard of review that applies in an appeal from a state agency decision is well established. "Judicial review of an agency's final decision is generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223-24 (2009)). In reviewing an administrative decision, we ordinarily recognize the agency's expertise in its particular field. Ibid.

Pursuant to N.J.S.A. 43:15A-43, a public employee[1] who is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties," may receive an accidental disability pension. In Richardson v. Board of Trustees, Police and Firemen's Retirement System, 192 N.J. 189 (2007), the Supreme Court held that in order to qualify for accidental disability retirement benefits, a member of the retirement system must establish that she is "permanently and totally disabled

---

[1] A TPAF member is held to the same standard. See N.J.S.A. 18A:66-39(c).

A-0745-17T2

. . . as a direct result of a traumatic event . . . [that] occurred during and as a result of the member's regular or assigned duties." Id. at 212-13.

Anderson argues the Board erred in affirming the ALJ's decision and determination that she was not in the course of her regular or assigned duties, because she completed her commute, was on school premises at the expected time, spoke with two students in the parking lot, and was approaching the school building when she was injured. Anderson asserts that Kasper v. Board of Trustees of the Teachers' Pension & Annuity Fund, 164 N.J. 564 (2000), compels a different finding by this court. We disagree.

In Kasper, the Court explained the meaning of the "during and as a result" provision of the statute:

> The organizing principle is that one who is at the employer's premises solely to do his or her duty, and who, while doing what he or she is expected to do, is disabled by a traumatic accident, will qualify for inclusion in the class of those injured "during and as a result of the performance of his regular or assigned duties." That interpretation is faithful to the Legislature's restorative vision in amending N.J.S.A. 18A:66-39(c). As we previously noted, the amendment was not transformative. It was not intended to limit the accidental disability pension solely to an injury sustained while a teacher is writing on the blackboard in her classroom or a policeman is actually engaged in an arrest. On the contrary, it was meant to restore the integrity of the premises rule; to reinvigorate the going and coming rule; and to qualify for an accidental

4

disability pension an employee who is on premises controlled by the employer and whose injury is causally connected, as a matter of common sense, to the work the employer has commissioned.

[Id. at 587-88.]

Saliently, the Court found that to qualify for the benefits, an employee cannot merely be "coming or going" to work. Id. at 581. Rather, the employee "must be engaged in his or her employment duties on property owned or controlled by the employer in order to qualify for an accidental disability pension." Ibid. The Court held the statute excludes "employees who arrive at work long before the required hour for a card game in the teachers' lounge, to avoid traffic, read the paper, pay bills, or socialize, as well as employees who return to work after hours to retrieve a left-behind wallet or date book." Id. at 587. Thus, in order to qualify for accidental disability benefits, the employee must satisfy the statutory criteria of being on the employer's premises and performing a function causally connected to their work. Id. at 588.

In Kasper, the claimant, an education media specialist, arrived at work forty-five minutes prior to school opening. Id. at 570. While on the steps entering the front door of the school, the claimant was accosted by a male who stole her purse. Id. at 571. During the incident she was pulled to the ground and injured. Ibid. The Court found that since the claimant had "parked her car,

crossed the street to the school, and was negotiating the stairs" of the school when the incident occurred, she was in the performance of her duties and that her commute was completed. Id. at 588. The Court also considered that the principal required the claimant to arrive early to distribute media materials. Id. at 571, 588.

We find, as did the Board, that Anderson was not engaged in any job-related duties when she was struck in the cross-walk on her way to the school. We cannot agree that speaking to a student in the parking lot, while unloading items from her car, amounted to the performance of a function connected to her work assignment. Anderson had not yet reached the premises of her employment, her commute was not complete and, therefore, the injury was not causally connected to her work.

Predicated upon the factual scenario presented here, when considered with controlling law, we are in accord with the Board that Anderson's claim does not satisfy the criteria for eligibility for accidental benefits. As such, we conclude the Board's decision was not arbitrary, capricious or unreasonable and was supported by sufficient credible evidence. R. 2:11-3(e)(1)(D). Accordingly, there is no basis to alter the Board's decision. See In Re Young, 202 N.J. 50, 70 (2010).

A-0745-17T2

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0745-17T2